UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

JUN 2 3 2016

PER _____
DEPUTY CLERK

LAMONT L. WARREN,

    Petitioner,

v.     :  CIVIL NO. 3:CV-16-0238

DAVID J. EBBERT,   :  (Judge Kosik)

    Respondent.

## MEMORANDUM

Lamont L. Warren, an inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging prison disciplinary proceedings. He proceeds in forma pauperis in this matter. For the reasons that follow, the petition will be dismissed because Warren does not challenge the fact or duration of his sentence and because he failed to properly exhaust administrative remedies.

I.   **Background**

Petitioner alleges that he is serving a 1995 sentence imposed by the District of Columbia. In the instant petition, he challenges disciplinary proceedings. In particular, he claims that officers at the United States Penitentiary at Canaan, in Waymart, Pennsylvania, planted weapons in his cell on January 28 and March 18,

2015. (Doc. 1, Pet. at 3, 7-9.) He raises due process claims stating that the DHO who decided the resulting incident reports, failed to provide him with fair hearings. In particular, he sets forth claims including staff representation and the review of camera evidence. As relief, he seeks to have the incident reports expunged.

Following service of the petition, a response was filed on March 31, 2016. (Doc. 8.) A traverse was submitted on April 13, 2016. (Doc. 9.) Also pending is a motion filed by Petitioner on May 23, 2016, to convert his habeas petition into a Bivens[1] civil rights action. (Doc. 23.) Respondent opposes this motion. (Doc. 24.) For the reasons that follow, the petition will be dismissed, and Petitioner's motion to convert will be denied without prejudice to filing a civil rights action if Petitioner should so choose.

## II. Discussion

The response seeks to dismiss the pending habeas petition on two grounds. First, Respondent maintains that Petitioner does not challenge the fact or duration of his confinement. In particular, the DHO proceedings challenged only resulted in sanctions imposing disciplinary segregation, the loss of privileges, and a monetary fine. Nowhere in the record does in show that the originally imposed sentence of Petitioner has been lengthened. Petitioner argues that as a result of the DHO

---

[1] See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

2

decisions, his parole date was set back by 36 months. (Doc. 1, Pet. at 4.) In addition to wanting the DHO reports expunged, Petitioner also argues that the staff put a gang member in his cell. This seems to be unrelated to the DHO claims.

Respondent also argues that Petitioner has failed to exhaust his administrative remedies with respect to <u>any</u> disciplinary report he may be challenging. As such, Respondent claims the petition is subject to dismissal on this basis.

First, it is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), <u>Telford v. Hepting</u>, 980 F.2d 745, 748 (3d Cir.), <u>cert. denied</u>, 510 U.S. 920 (1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002).

From a careful review of the petition, it is clear that Petitioner does not seek speedier or immediate release from custody nor does he challenge the legality of his present incarceration. Rather, based on the grounds asserted in the petition, he challenges the conditions of his confinement. Nowhere in the petition does Warren allege that his original sentence is being lengthened in any way. Rather, he sets forth the sanctions which include disciplinary confinement, loss of privileges and a monetary fine. Nowhere does Petitioner allege that he received or is challenging any sanction which resulted in the forfeiture of credit toward his sentence or extended the

3

length of his incarceration. Petitioner complains about the sanctioned loss of privileges associated with the challenged proceedings, the set back of his parole eligibility date, and how a gang member was placed in his cell. It is established that something that may result in a loss of good time credit, such as the placement in a certain program, does not go to the duration or execution of a sentence. See Wilkinson v. Dotson, 544 U.S. 74 (2005); Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012); McGee v. Martinez, 627 F.3d 977 (3d Cir. 2010). As such, the present claims are not properly before the court in a habeas corpus petition. Consequently, the petition will be denied without prejudice to any right Warren may have to reassert his present claims in a civil rights action. Although he has filed a motion seeking to "convert" the instant habeas petition into a civil right actions, any such request will be denied without prejudice. In order to pursue this matter as a civil rights complaint, Petitioner must first pay the required filing fee or submit the executed in forma pauperis paperwork consisting of the court's in forma pauperis and authorization forms.[2]

Moreover, even if this was a proper habeas petition, the claims asserted therein

---

[2] To allow Petitioner to "convert" this federal habeas petition into a civil rights complaint would surely undermine the intent behind the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). We cannot permit Petitioner to evade the requirements of the PLRA. In addition, the court expresses no opinion as to whether Warren would be successful if he files a civil rights complaint with respect to the claims contained in the petition.

4

are unexhausted. When asked about exhaustion in the petition, Warren states that his exhaustion attempts were not resolved because he did not follow proper procedures. (Doc. 1 at 4.)

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing habeas claims under Section 2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Id. at 761-62 (citations omitted).

The BOP has a four-step administrative process to allow an inmate to seek review of any aspect of his or her confinement which begins with an inmate's attempt to informally resolve the issue by submitting a request to staff, then by submitting a BP-9 form to the warden and any appeal therefrom to the Regional Director. The final level of appeal is to the Central Office. (See 28 C.F.R. §§ 542.10 et seq.) No administrative remedy appeal is considered to be fully exhausted until reviewed by the BOP's Central Office. (See 28 C.F.R. § 542.14.)

The BOP's SENTRY contains data to determine whether an inmate has


exhausted administrative remedies on a particular issue. The records submitted by Petitioner and Respondent both reflect that although Warren received three disciplinary incident reports on or about the dates referenced in his petition (#2672983, #2692676 and #2692679), no good time was lost as a result of any of these reports and none of these decisions were exhausted. With respect to #2672983, the appeal to the Northeast Regional Office was rejected because the proper number of continuation pages were not submitted. (Doc. 8, Ex. 1, Figgsganter Decl., Attach. E at 36.) While Petitioner was informed he could resubmit his appeal within ten (10) days, he did not do so. He also failed to resubmit in proper form his appeal of Incident Report #2692679, in which he also failed to attach the proper number of continuation pages. (Doc. 8, Exs. 1, 2.) There was no attempt to appeal Incident Report #2692676. (Id.) For these reasons, even if Petitioner properly filed a habeas claim, it would be unexhausted and subject to dismissal. As such, the court lacks subject matter jurisdiction. An appropriate order follows.